IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40778
Summary Calendar
_____

BOBBY JOE KELLY,

Plaintiff-Appellant,

versus

NICKIE CURRY; JOAN RAYBURN;
AMY BAKER; DONNA BENJAMIN;
ZELDA GLASS; Lieutenant,
Former Lieutenant, Law
Library Supervisor at Telford
Unit,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC Nos. 5:99-CV-152 c/w
5:99-CV-270 c/w 5:00-CV-14
--------------------
February 14, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE,, Circuit Judges.

PER CURIAM:[*]

Bobby Joe Kelly, Texas prisoner # 626124, has filed a motion

for leave to proceed in forma pauperis (IFP) on appeal, following

the district court's order granting the defendants' motion for

summary judgment and dismissing Kelly's consolidated civil rights

actions pursuant to 42 U.S.C. § 1983.  By moving for IFP status,

Kelly is challenging the district court's certification that IFP

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

status should not be granted on appeal because his appeal is not taken in good faith.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

We insist that a district court must state its reasons for certifying that the appeal is not taken in good faith.  See id. Here the reasons are apparent from the record and a remand for their formal statement by the district court would be a pointless exercise.

Kelly has failed to challenge specifically the district court's finding that his appeal was not taken in good faith and was legally frivolous.  Although this court liberally construes pro se briefs, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court requires arguments to be briefed in order to be preserved.  Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). Because Kelly has failed to address the only appealable issue, the district court's certification of the appeal as frivolous, he has abandoned the issue on appeal.  See id.

Kelly's request for IFP status is DENIED, and his appeal is DISMISSED as frivolous.  See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.  The dismissal of this appeal as frivolous counts as a "strike" for purposes of § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996).  Kelly therefore has one "strike" under § 1915(g).  Kelly is warned that if he accumulates three "strikes" pursuant to § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See § 1915(g).

Kelly's motion for appointment of counsel is also DENIED as moot.

IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS; STRIKE WARNING ISSUED; MOTION FOR APPOINTMENT OF COUNSEL DENIED AS MOOT.